FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA MARIE H.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>    Defendant. | No. 2:18-CV-00230-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Dana Madsen represents Tina H. (Plaintiff); Special Assistant United States Attorney Michael Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on July 29, 2015, alleging disability since June 1, 2015, due to degenerative disc disease, osteoarthritis, rheumatoid arthritis, sciatica, and nerve damage in her shoulder. Tr. 419-20, 458. The application was denied initially and upon reconsideration. Tr. 346-49, 351-53. Plaintiff filed a concurrent application for Supplemental Security Income on June 1, 2016. Tr. 423-30. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on May 17, 2017, Tr. 269-311, and issued an unfavorable decision on July 21, 2017, Tr. 16-27. Plaintiff requested review from the Appeals Council. Tr. 418. The Appeals Council denied Plaintiff's request for review on May 24, 2018. Tr. 1-6. The ALJ's July 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 23, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 42 years old as of her alleged onset date. Tr. 25. She has a GED and completed some college courses. Tr. 285. Her work history consisted primarily of dog grooming. Tr. 285-86.

In June 2015, Plaintiff was in a serious motorcycle accident, resulting in several fractures and necessitating multiple surgeries on her right shoulder. Tr. 286-87. She was in the hospital for several weeks and was in a wheelchair for a month. Tr. 1257. In the wake of her injuries and altered physical capabilities, she began to experience depression and anxiety. Tr. 856, 1060-61.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant

can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On July 21, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: chronic rotator cuff tears of both shoulders, myofascial pain syndrome/fibromyalgia, obesity, lumbar spine degenerative disc disease, schizophrenia, major depressive disorder, generalized anxiety disorder, and borderline personality disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary exertion level work with the following limitations:

> she can never climb ladders, ropes, or scaffolds or crawl; she can perform other postural activities occasionally; she can never reach overhead bilaterally and, with the right upper extremity, can reach only occasionally in all other directions; she can have no exposure to vibration or hazards (i.e., unprotected heights, moving mechanical parts); she is limited to unskilled and well-learned semi-skilled tasks in a routine, predictable work environment with no more than occasional changes; she can have only occasional contact with the public, supervisors, and coworkers; and she would likely be off task up to 5% of the workday.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a dog groomer or secretary. Tr. 25.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of nut sorter and call-out operator. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 1, 2015, the alleged onset date, through the date of the ALJ's decision, July 21, 2017. Tr. 26-27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's subjective statements; (2) improperly rejecting medical opinion evidence; and (3) making improper step five findings.[2]

**DISCUSSION**

---

[2] Plaintiff also alleges for the first time in her Reply Brief that the ALJ deprived her of due process by failing to admit evidence submitted after the hearing. ECF No. 15 at 3-4. Because this issue was not raised in the Opening Brief, it is waived. *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); G*reenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). However, as the claim is being remanded on other bases, Plaintiff will have the opportunity to complete the record and submit all relevant evidence for the ALJ's consideration.

1. **Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 17-18.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence of record. Tr. 22. The ALJ offered the following reasons for disregarding Plaintiff's subjective symptoms: (1) the objective medical evidence did not support the extent of the alleged impairment; (2) Plaintiff's condition improved following surgery, allowing her to resume some work activity; (3) treatment notes reflected Plaintiff's willingness to create a picture of disability despite work activity; (4) her daily activities suggested greater functioning than alleged; and (5) Plaintiff's presentation with respect to her mental health impairments was less than remarkable. Tr. 22-24. Plaintiff contends the ALJ erred

in this analysis, and that a fair reading of the record does not support the findings. ECF No. 13 at 17-18. Defendant argues the ALJ gave clear and convincing reasons for discounting Plaintiff's testimony, and that his discussion is a reasonable interpretation of the evidence.

   A. *Improvement and resuming work*

In discussing Plaintiff's allegations, the ALJ noted that, following her 2016 surgery, Plaintiff experienced some improvement and resumed a degree of work activity that suggested a greater physical capability than alleged. Tr. 23. He noted she had resumed grooming dogs and was doing some work for the management of her trailer park. *Id.* The record does not support a finding that this minimal work activity was in any way inconsistent with Plaintiff's alleged impairments.

In May 2016 Plaintiff had the hardware removed from her right shoulder and underwent a debridement. Tr. 1146. In the following weeks, she was noted to be doing well post-procedure, and in June she reported that she had increased ability to tend to her own hygiene, as well as being able to groom a dog again. Tr. 1140. In July she reported her shoulder was getting better to some degree and she was able to groom more dogs and feel productive. Tr. 1133. In the following months, there were a few notes in the treatment records of her continuing to groom dogs for extra cash. Tr. 1264, 1266, 1276. These records contain no information as to how many dogs she was regularly caring for. By the hearing, Plaintiff reported the most she had done in the past year was three dogs in one week. Tr. 276. She testified she mostly used her left arm, and was only grooming very small dogs, other than her own poodles. 287-89. In a post-hearing letter, Plaintiff clarified that she was mostly tending to family members' dogs, and that her rate of working was substantially reduced from that of a professional. Tr. 562. The ALJ's conclusion that this minimal activity in some way demonstrates an inconsistency with her reports is not supported by substantial evidence.

Similarly, Plaintiff's work for her trailer park was so minimal as to constitute no more than a scintilla of evidence. She testified she worked in the office in exchange for a break on her rent, and that the position was only for a couple of hours for a few weeks. Tr. 276-77. She attempted to clean out a trailer one time and was unable to do many of the things requested of her. Tr. 277. These facts do not detract from Plaintiff's allegations of pain and disability.

Substantial evidence does not support the ALJ's conclusion that Plaintiff's functioning improved to a point of allowing her to return to any significant work activity that detracts from her symptom reports.

*B. Willingness to create a picture of disability*

The ALJ found that some of Plaintiff's statements raised "a serious question" about whether her disability claim was genuine, pointing to her work activity and a treatment note indicating she was "willing to create a picture of disabled" in spite of her work activity. Tr. 23. As addressed above, Plaintiff's work activity was minimal and does not indicate any inconsistency with her allegations of disability, much less an ability to work in a full-time capacity. Furthermore, the ALJ inaccurately attributed the statements about creating a picture of disability to Plaintiff, as opposed to the medical provider who was actually the source of the statement. Tr. 1300. At best, the treatment note indicates the provider's skepticism as to whether Plaintiff qualified for disability, given her ongoing work activity. Tr. 1300. However, as noted, the work for the trailer park did not last past a few weeks, and there is no indication of substantial work grooming dogs. The passing remark by Plaintiff's treating counselor does not undermine Plaintiff's reports, and does not reflect a statement by Plaintiff, as presumed by the ALJ. This does not constitute a clear and convincing reason for discounting her allegations.

*C. Daily activities*

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the mere fact that a claimant is capable of performing some basic daily activities needed for everyday survival does not necessarily detract from her overall credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

The ALJ noted Plaintiff continued to engage in activities that indicated greater functioning than alleged. Tr. 23. Specifically, he noted Plaintiff's ability to prepare meals, do some household chores, do needle work, shop in stores, drive a vehicle, and sign up for online classes. *Id.* The ALJ failed to explain how any of these activities are inconsistent with Plaintiff's pain allegations. Plaintiff never claimed to be completely unable to tend to personal care or household activities, just that she needed assistance with some actions and when she did chores it took her much longer than before her injuries, with having to find ways to compensate for her diminished capabilities. Tr. 294-98, 522-23, 961, 973, 1063, 1069, 1140, 1141. She testified that she did her own cooking, but mainly had premade meals. Tr. 298, 523. Shopping took her three times as long as it used to. 524. By the time of the hearing, her caregiver was doing the majority of her shopping. Tr. 301. Her function report indicated that she could drive when she was feeling okay, but sometimes she was not able to drive and needed someone to accompany her places. Tr. 524-25. The record contains very little evidence regarding the demands of Plaintiff's schooling, other than she thought taking some online classes was something she could handle during her recovery. Tr. 1011, 1035. She indicated to her treating providers that school had its own challenges apart from the physical demands, and she was provided with a letter to support accommodations. Tr. 1015. Notably, in July 2016 Plaintiff was authorized additional state-provided caregiving hours based on the assessment that her needs had increased. Tr. 1233.

The Ninth Circuit has repeatedly found that the ability to perform these kinds of activities are not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison*, 759 F.3d at 1016; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Because the ALJ failed to indicate how any of the identified activities are inconsistent with Plaintiff's pain and limitation testimony, this does not constitute a clear and convincing reason for disregarding her allegations.

D. *Objective medical evidence*.

Apart from the specific items discussed above, the ALJ found Plaintiff's pain complaints and alleged mental health symptoms to be unsupported by the objective medical evidence. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). With none of the

ALJ's other reasons rising to the clear and convincing standard, a lack of support from the objective medical evidence alone does not suffice to satisfy the standard.

Because the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective complaints, the decision is not supported by substantial evidence. Upon remand, the ALJ shall re-evaluate Plaintiff's testimony and reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2.      Medical opinion evidence**

Plaintiff argues the ALJ erred by improperly rejecting the opinion of consultative examiner Amy Dowell, MD. ECF No 13 at 18-20.

Plaintiff underwent a consultative psychological exam with Dr. Dowell in December 2015. Tr. 932-36. Dr. Dowell diagnosed Plaintiff with major depressive disorder and generalized anxiety disorder, and opined she would have difficulty with completing a normal workweek, dealing with workplace stress, and performing work activities on a consistent basis. Tr. 935-36.

The ALJ accorded little weight to Dr. Dowell's opinion that Plaintiff would not be able to sustain work activity, finding the one-time exam to be less than persuasive for evaluating Plaintiff's longitudinal abilities, and found that the evidence as a whole did not show substantiating signs that Plaintiff would not be able to sustain work. Tr. 24. The ALJ noted multiple exams with normal attention and concentration, and further acknowledged that Dr. Dowell's opinion was offered only six months after Plaintiff's accident, when she was still in recovery. Tr. 24-25.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ did so here, offering a reasonable interpretation of the records.

However, because the claim is being remanded on other bases, the ALJ shall reconsider Dr. Dowell's opinion in evaluating the medical evidence as a whole.

### 3. Step five findings

Plaintiff asserts the ALJ's step five findings are not supported by substantial evidence because the RFC determination was improper. ECF No. 13 at 20.

Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical record as a whole, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 29, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE